Ross Munson, Defendant-Appellant, v. Henry Nichol, Plaintiff-Appellee.

Gen. No. 65–20.

Third District.

October 6, 1965.

Rehearing denied November 9, 1965.

Ferguson, Ferguson & Wurbs, of Rock Island, for appellant.

Stanley H. Prentiss, of Aledo, and Eagle & Eagle, of Rock Island, for appellee.

ALLOY, P. J.

The cause before us on appeal originated in an action brought to recover damages which were sustained by Plaintiff Henry Nichol when he fell into moving machinery while on farm property owned by Defendant Ross Munson. The facts are undisputed. Plaintiff, age 67, had been in the trucking business for many years and he and his partner used two trucks to haul hogs and cattle for various farmers in the community to Chicago, Illinois, and Davenport, Iowa. Defendant Ross Munson owned a farm East of Sherrard, Illinois. He had been acquainted with the Plaintiff for several years and Plaintiff had hauled livestock for Defendant on a number of occasions. Plaintiff had also been on Defendant's farm a number of different times.

About a week before the injury in question, the Defendant talked to Plaintiff in Sherrard and told Plaintiff he had some cattle which he was about ready to ship. On March 5, 1962, Plaintiff drove a truck to Defendant's farm to find out if the cattle were ready for shipment. At the time Plaintiff was alone. It was a cold day and he was wearing winter clothes with rubber boots with cleats and was also wearing glasses. He went first to the house but did not find the Defendant. He heard a tractor and grinding mill in operation in the barnyard in front of a corn crib. Plaintiff then walked to the crib to see if Defendant was inside. As he walked between the crib and the tractor and the grinding mill he slipped on the icy ground and was caught by a power takeoff shaft which was revolving very rapidly between the tractor and the grinder. There was no shield on the revolving shaft. As a result, Plaintiff's clothes were torn off

from the waist up; he incurred deep lacerations of the dorsum and tip of his tongue; a penetrating laceration at the left angle of his mouth; a laceration exposing the alveolar ridge and contusions of his chest, shoulders and elbows. He also incurred a fracture of the ulna and of the sternum. After his clothes were torn off he freed himself and went into the corn crib where the Defendant's hired hand who was in the crib offered to help, but Plaintiff was able to drive himself home in his truck.

Plaintiff was hospitalized for several weeks and unable to work for four months. He had been earning between $3,000 and $4,000 per year. His hospital and doctor bills exceeded $1,100. He developed periarticular fibrosis of the left shoulder. His permanent injuries include this fibrosis, scarring and numbness of the tongue. The corner of his mouth is drawn down. He is unable to perform all the work he formerly did, particularly any activity which requires him to raise his arms.

On the day following the accident, Plaintiff's partner hauled the cattle which Plaintiff had called to inquire about. At the trial, the Defendant admitted that there was no shield over the power takeoff shaft and that he knew that he should have used one as a safety measure. The jury returned a verdict finding the issues for the Plaintiff and awarding Plaintiff $5,500 in damages. Judgment was entered on the verdict and Defendant has appealed.

The sole contention on this appeal is that the Circuit Court erred in instructing the jury. Defendant complains basically of the court's failure to give Defendant's instruction which placed Defendant under a duty not to "wilfully or wantonly injure a licensee" and another instruction that stated if the Plaintiff was not an invitee or was on a portion of the premises to which he was not invited or was using the premises

for a purpose other than that for which he was invited, then Defendant owed Plaintiff only "the duty not wilfully or wantonly to injure him." Defendant also complains of the giving of certain instructions tendered by the Plaintiff which advised the jury that Plaintiff had alleged that he was an invitee, and that a property owner owes an invitee the duty to exercise ordinary care and that it was the duty of Defendant to use ordinary care for the safety of Plaintiff. In essence, Defendant contends that the jury should have been instructed that Plaintiff's status at the time of injury was an issue of fact in the case and that if Plaintiff was an invitee Defendant owed him a duty of ordinary care for his safety, but if on the other hand, Plaintiff was a licensee at the time, the duty was not to injure him wilfully or wantonly.

Plaintiff additionally raises a question on the pleadings as to whether the court erred in striking Count I of the Complaint which sought to impose absolute liability on Defendant irrespective of Plaintiff's status or his contributory negligence on the theory that the statute upon which the count was based (Ill Rev Stats 1963, c 70, §§ 3 and 4) provided specifically that machines of the type being used are required to be safely boxed or secured while running, and also specifically provides that any person owning or running such a machine without complying with the requirements of the section for boxing is held liable to the person damaged for any damage which may be sustained by such person. The net result of Plaintiff's contention is that all Plaintiff would be required to do, would be to prove a violation of the statute and a consequent injury to establish liability. It is contended that the statute in the case was enacted to require such dangerous farm machinery to be shielded in order to afford a remedy to those persons injured by reason of the violation of the statute.

 It appears from the undisputed facts in the record that Plaintiff was in the business of hauling cattle and had hauled cattle for Defendant on previous occasions. Defendant clearly told Plaintiff that he had some cattle which were ready for hauling and several days later Plaintiff went to Defendant's farm to see if the cattle were ready. He had been there before. He did not find Defendant at the house but he heard machinery in operation in front of the corn crib. He went to the crib to find Defendant and his injury resulted when he slipped into a revolving and un-shielded power takeoff shaft. The very next day Plaintiff's partner hauled the cattle about which Plaintiff had intended to inquire. Under such undisputed state of facts it was obvious Plaintiff was an invitee and had not gone to any portion of the premises where he could not reasonably have been expected to go. It is obvious that a farmer does not maintain an office or reception area for normal farm invitees and that a farmer will be doing chores or other activities on the farm, particularly in the area of the barn, and expects invitees to come and to find him when they call at the farm. The Trial Court in commenting on instructions during the course of the conference on instructions, correctly pointed out that the evidence points solely to the status of invitee as distinguished from licensee. In Ellguth v. Blackstone Hotel, Inc., 408 Ill 343, 97 NE2d 290, where Plaintiff was removing pipe from the basement of Defendant's hotel and lost an eye while following one of Defendant's employees through a passageway, the court, in a careful analysis of the factors which determine a person's status as an invitee, stated at page 347:

> "The test is said to be whether one goes upon the premises of the owner by invitation to transact business in which the parties are mutually in-terested."

465

The court indicated if the facts show that such test was met, the person on the premises of the owner is an invitee.

Since there was no conflict in the testimony and no room for doubt as to the matter of fact in issue, it was proper to give an instruction which assumed as proven a fact which is not contradicted and clearly established by the evidence (Robeson v. Greyhound Lines, Inc., 257 Ill App 278, at 283; Hauk v. Brownell, 120 Ill 161, at 165, 11 NE 416).

The court took the view that the statute under which the cause of action was filed providing for protection of tumbling rods or knuckles was not one imposing an absolute liability and, therefore, instructed the jury that Plaintiff must assume the burden of proving that he exercised due care and caution for his own safety and that Defendant was negligent. The jury found, pursuant to such instruction, that Defendant was guilty and that Plaintiff was free of contributory negligence. Upon the record in this cause we find no basis for reversal. It is, therefore, unnecessary for us to determine in this case whether or not the statute referred to established liability on the part of Defendant irrespective of contributory negligence on the part of Plaintiff, and we are, therefore, not determining such issue in view of the facts in the record and the determination of the jury.

There being no reversible error in the record, the judgment of the Circuit Court of Mercer County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.